**E-filed 5/21/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HONESTO, | No. C 06-308 JF (PR) |
|     Petitioner, | ORDER DENYING PETITIONER'S MOTION TO STAY WITHOUT PREJUDICE |
|   vs. | |
| DERRAL G. ADAMS, Warden, | |
|     Respondent. | (Docket No. 3) |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court initially dismissed the instant petition because Petitioner's claims did not allege any federal constitutional violation and were not cognizable pursuant to § 2254. The Court granted Petitioner leave to file an amended petition to correct this deficiency within thirty days. On October 25, 2006, Petitioner filed a motion to stay the petition and hold the remainder of the petition in abeyance while he exhausts his claims in state court. Petitioner attached a copy of a June 1, 2006 Santa Clara Superior Court Order to Show Cause in his pending state habeas action. However, it is unclear to this Court whether any of Petitioner's claims are exhausted. Accordingly, the Court will deny Petitioner's motion to stay the instant petition (docket no. 3)

without prejudice in order for Petitioner to address the factors set forth below in Rhines v. Webber, 544 U.S. 269, 277-78 (2005).

## DISCUSSION

Petitioner filed a motion to stay the petition and hold his petition in abeyance while he exhausts his claims in state court. District courts have the authority to issue stays and AEDPA does not deprive them of that authority. Rhines v. Webber, 544 U.S. at 277-78. The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. at 278. Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78).

Accordingly, a stay is allowed only under these conditions: (1) petitioner must show good cause for his failure to exhaust the claims prior to filing the federal case; (2) the unexhausted claims must not be "plainly meritless"; and (3) petitioner must not have engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277-78. The Court concludes that Petitioner has not satisfied these conditions. The Court cannot grant the stay unless Petitioner shows good cause for his failure to exhaust all of his claims before filing a federal petition and demonstrates that his unexhausted claims have merit.

1 In <u>Rhines</u>, the Supreme Court did not define good cause, so the Court is unable to offer guidance to Petitioner as to what he must show to establish good cause. He may wish to simply explain why he did not present the new claims to the state courts before filing his federal petition. As to the <u>Rhines</u> requirement that the unexhausted issues not be "plainly meritless," Petitioner should note that federal habeas relief is available only for violations of the federal Constitution, of federal law, or of treaties. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985).

Petitioner's motion to stay the petition (docket no. 3) is DENIED without prejudice to Petitioner's filing a renewed motion to stay the instant petition with the appropriate showings as set forth above in <u>Rhines</u>, <u>supra</u>, **within thirty days** of the date this order is filed. Petitioner shall explain in his renewed motion to stay which claims in the instant petition have been exhausted and which claims he intends to exhaust in state court.

## CONCLUSION

1. Petitioner's motion to stay the petition (docket no. 3) is DENIED without prejudice. Petitioner may file a renewed motion to stay the petition with the Court addressing the issues set forth above, or notify the Court that he does not wish to pursue the motion to stay, within **thirty days** of the date this order is filed. In his motion, Petitioner shall explain which claims have been exhausted and which claims he intends to exhaust in state court. **This action will not be stayed and Petitioner may be precluded from later bringing his unexhausted claims if he does not request a stay.** Failure to file a motion to stay or notify the Court within the Court's deadline will result in the Court dismissing the instant petition without prejudice for failure to state a cognizable claim under § 2254.

2. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address by filing a separate paper captioned "Notice

1  of Change of Address." Petitioner must comply with the Court's orders in a timely
2  fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
3  pursuant to Federal Rule of Civil Procedure 41(b).
4      IT IS SO ORDERED.
5  DATED: __5/18/07_____    _____
6                              JEREMY FOGEL
                                United States District Judge

Order Denying Petitioner's Motion to Stay Without Prejudice
P:\pro-se\sj.jf\hc.06\Honesto308denstay        4

1   A copy of this ruling was mailed to the following:

2

3   Peter Honesto
    D-55459
    SATF/SP, A3-163L
4   P.O. Box 5248
    Corcoran, CA  93212-5248

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Petitioner's Motion to Stay Without Prejudice
P:\pro-se\sj.jf\hc.06\Honesto308denstay           5