efiled 6/12/07

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HONESTO,<br><br>    Petitioner,<br><br>  vs.<br><br>DERRAL G. ADAMS, Warden,<br><br>    Respondent. | No. C 06-308 JF (PR)<br><br>ORDER GRANTING PETITIONER'S RENEWED MOTION TO STAY; INSTRUCTIONS TO CLERK<br><br>(Docket No. 7) |

      Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court initially dismissed the instant petition because Petitioner's claims did not allege any federal constitutional violation and were not cognizable pursuant to § 2254. The Court granted Petitioner leave to file an amended petition to correct this deficiency within thirty days. On October 25, 2006, Petitioner filed a motion to stay the petition and hold the remainder of the petition in abeyance while he exhausts his claims in state court. Petitioner attached a copy of a June 1, 2006 Santa Clara Superior Court Order to Show Cause in his pending state habeas action. On May 21, 2007, the Court denied Petitioner's motion to stay the instant petition without prejudice because it was unclear whether any of Petitioner's claims were exhausted.

1  The Court notified that Petitioner he could file a renewed motion to stay without
2  prejudice in order for Petitioner to address the factors set forth below in Rhines v.
3  Webber, 544 U.S. 269, 277-78 (2005).  Petitioner has filed a renewed motion to stay and
4  an amended petition.  The Court will GRANT Petitioner's renewed motion to stay the
5  amended petition (docket no. 7).

## BACKGROUND

A Santa Clara Superior Court jury convicted Petitioner of second degree murder. Petitioner was sentenced to fifteen years-to-life in state prison.  Petitioner challenges the California Board of Prison Terms' decision denying him parole.  According to the petition, Petitioner filed a state habeas petition in the state superior court, which was granted in 2004.  The state appellate court reversed the superior court's decision in 2005. The state supreme court denied petitioner's habeas petition in 2005.  The instant federal petition was filed on January 17, 2006.  Petitioner then filed a habeas petition in the state superior court, which is currently pending.  On December 4, 2006, Petitioner filed a habeas petition in the state supreme court, which was denied on May 16, 2007.

## DISCUSSION

Petitioner filed a renewed motion to stay the petition in order to raise his unexhausted claims in state court.  District courts have the authority to issue stays and AEDPA does not deprive them of that authority.  Rhines v. Webber, 544 U.S. 269, 277-78 (2005).  The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court.  Id.  Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious.  Id.  Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back."

Id. at 278. Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78).

Here, Petitioner's proposed claims are cognizable under § 2254 and are not "plainly meritless." Petitioner appears to show good cause for his failure to exhaust his additional claims in state court based upon his allegation of ineffective assistance of counsel and his appointed counsel's failure to raise these claims in his state habeas proceedings. Additionally, the Court notes that Respondent has yet to file an answer to the petition and Petitioner has already exhausted several of his claims in the state supreme court. Petitioner's state habeas petition is now pending in the state superior court. Thus, Petitioner does not appear to be intentionally delaying this action. Accordingly, Petitioner's renewed motion to stay the instant petition (docket no. 7) is GRANTED. This action is hereby STAYED until thirty days after the California Supreme Court's final decision on Petitioner's claims, as set forth below.

## CONCLUSION

1.    Petitioner's renewed motion to stay the amended petition (docket no. 7) is GRANTED, and the above-titled action is hereby STAYED until thirty days after the state court's final decision on Petitioner's additional claims.

2.    Once the state superior court and the state supreme court have issued a decision on Petitioner's additional claims, and if he has not obtained relief in state court, Petitioner shall promptly notify this Court within thirty days of the state courts' decisions.

3.    The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure. When Petitioner informs the Court that he has exhausted his additional claims, the case will be administratively re-opened.

\\\

1   4. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep
2 the Court informed of any change of address by filing a separate paper with the clerk
3 headed "Notice of Change of Address."  He must comply with the Court's orders in a
4 timely fashion or ask for an extension of time to do so.  Failure to comply may result in
5 the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

6   IT IS SO ORDERED.
7 DATED: __6/7/07_____
    _____
8   JEREMY FOGEL
    United States District Judge

Order Granting Petitioner's Renewed Motion to Stay; Instructions to Clerk
P:\pro-se\sj.jf\hc.06\Honesto308stay            4

1   A copy of this ruling was mailed to the following:

2

3   Peter Honesto
    D-55459
    SATF/SP, A3-163L
4   P.O. Box 5248
    Corcoran, CA  93212-5248

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Petitioner's Renewed Motion to Stay; Instructions to Clerk
P:\pro-se\sj.jf\hc.06\Honesto308stay                 5